IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONIQUE SHAW,                :  | |
|                              :  | |
|     Plaintiff,               :  | |
|                              :  | CIVIL ACTION FILE NO. |
| v.                           :  | 1:18-CV-01263-TWT-AJB |
|                              :  | |
| ABATEMENT TECHNOLOGIES, :    | |
| INC.; DEBORAH WARD;          :  | |
| SUE HOFMANN; and             :  | |
| THOMAS NAHIGIAN,             :  | |
|                              :  | |
|     Defendants.              :  | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, submitted an affidavit to proceed *in forma pauperis* ("IFP") and her initial complaint on March 27, 2018. [Doc. 1]. The undersigned reviewed the application and found that, although Plaintiff qualified for IFP status, "the complaint does not satisfy the pleading requirements . . . with sufficient clarity to allow the Court to perform a frivolity review or Defendant to formulate and answer and defenses" and ordered Plaintiff to file an amended that complied with certain requirements within 21 days. [Doc. 2 at 8-9]. The Order also expressly advised Plaintiff that "[f]ailure to timely comply with this Order will result in a recommendation to the District Judge that this case be dismissed." [*Id*. at 10]. More

AO 72A
(Rev.8/8
2)

than four months have passed, and Plaintiff has not complied with the Order or otherwise responded.  (*See* Dkt.).

The Local Rules authorize the Court to dismiss a civil case for want of prosecution if the plaintiff, after notice, fails to obey a lawful order.  LR 41.3(A)(2), NDGa.  As noted above, Plaintiff has not complied with the Court's Order, nor has she made any attempt to explain her failure to comply or to request an extension of time.  (*See* Dkt.).

A district court may dismiss a complaint for failure to comply with a court order or the federal rules.  *Skillern v. Ga. Dep't of Corrs. Com'r*, 379 Fed. Appx. 859, 860 (11th Cir. May 17, 2011).  *See* Fed. R. Civ. P. 41(b); LR 41.3(A)(2), NDGa; *see also McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Federal Rule of Civil Procedure 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); *Sussman v. Salem, Saxon, and Nielson*, 154 F.R.D. 294, 300 (M.D. Fla.1994) (dismissal appropriate for failure to obey a direct order of the court).  "Dismissal is generally not an abuse of discretion when the litigant has been forewarned."  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (same).  *Sua sponte* dismissal is appropriate "to

2

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

Because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (citing a line of Eleventh Circuit cases which have consistently articulated this standard).

Plaintiff now has failed to comply with a lawful Order of the Court, despite several additional months having passed since the deadline to comply with the Order. The Court concludes that Plaintiff's failure to comply with the Court's Order is not mere negligence. *See Beavers v. American Cast Iron Pipe Co.*, 852 F.2d 527, 531 (11th Cir. 1988) ("A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum be based on evidence of willful delay; simple negligence does not warrant dismissal.").

3

In addition, the Court has considered lesser sanctions. The Court gave Plaintiff more than four months to correct the deficiencies in her complaint. Most pro se plaintiffs in Plaintiff's position comply or advise the Court of either a misunderstanding of their legal obligations, or proffer some, usually personal, reason why compliance with the directives of the Court could not be fulfilled. The Court almost always extends the time within which a pro se litigant had to comply with the directives of the Court. Plaintiff's failure to explain why she did not comply with an Order of the Court undercuts giving her another opportunity to comply as a viable alternative to dismissal.

The Court also has considered monetary sanctions, but given Plaintiff's requested IFP status, that likely is an illusory punishment. Moreover, since at issue is Plaintiff's failure to abide by lawful directive of the Court, monetary penalties will not redress her failure.

Accordingly, the undersigned **RECOMMENDS** that, pursuant to Local Rule 41.3(A)(2), Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and **DIRECTS** the Clerk then to terminate the referral to the undersigned.

AO 72A
(Rev.8/8
2)

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this the 26th day of September, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)